**E-FILED**
Tuesday, 05 July, 2016  01:00:18 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DONNIE R. BARRETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 16-cv-3073** |
| | ) | |
| **GREGG SCOTT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

In March 2016, Petitioner Donnie R. Barrett filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus (d/e 1). The Court construed the Petition as a Motion under 28 U.S.C. § 2241 because Petitioner is a pretrial detainee awaiting a jury trial on a civil commitment petition. <u>See</u> Order (d/e 5). Respondent Gregg Scott, the director of the Rushville Treatment and Detention Facility, has filed a Motion to Dismiss § 2241 Petition (d/e 7). Because Petitioner seeks to enjoin the state court proceedings and has not exhausted his state court remedies and because no extraordinary circumstances are present, the Court abstains from

considering Petitioner's claims.  The Motion to Dismiss is GRANTED, and the § 2241 Motion is DISMISSED without prejudice.

## I. BACKGROUND

On August 9, 2007, the State of Illinois filed a Sexually Violent Person Petition against Petitioner, who was completing a term of imprisonment in the Illinois Department of Corrections.  See § 2241 Motion at 7 (d/e 1); see also Sexually Violent Persons Commitment Act, 725 ILCS 207/1, et seq.  On that same date, a Morgan County Circuit Court judge entered an Order for Detention and Transporting Respondent to Probable Cause Hearing.  See id. at 6. Counsel was appointed to represent Petitioner.  Id.

On August 14, 2007, the state court judge found probable cause to believe that Petitioner was a sexually violent person and ordered Petitioner detained by the Department of Human Services. See § 2241 Motion at 10 (d/e 1) (docket sheet); see also Morgan County Circuit Court website http://judici.com/courts/cases/case_history.jsp?court=IL069015J &ocl=IL069015J,2007MR51,IL069015JL2007MR51D1 (last visited July 5, 2016).  Petitioner is currently being held at the Rushville Treatment and Detention Center.

Between August 2007 and June 2016, Petitioner waived his statutory speedy trial rights[1] twice (November 2007, October 2013); requested and obtained new counsel (November/December 2007); obtained new counsel again after counsel withdrew (June 2015); sought continuances of the case or agreed to continuances (October 21, 2008; December 30, 2008; March 3, 2009; May 5, 2009; June 30, 2009; May 18, 2010; December 7, 2010; December 17, 2012); obtained experts (October 5, 2010, July 22, 2011); refused to be transported to court (March 16, 2010, June 30, 2016); conducted discovery; and filed numerous motions.  See id.  On May 4, 2016, Petitioner filed a motion to dismiss the Sexually Violent Persons petition for violation of the speedy trial provision of the Sexually Violent Persons Commitment Act.  Id.; see 725 ILCS 207/35.  The jury trial is currently set for July 12, 2016.  Id.

On March 17, 2016, Petitioner filed his § 2241 Motion challenging the nine-year delay between the filing of the petition and his trial, which has still not commenced.  Petitioner raises

---

[1] See 725 ILCS 207/35 (providing that the trial on a petition under the Sexually Violent Persons Commitment Act must be held no later than 120 days after the probable cause hearing but providing that delay occasioned by the person subject to the petition extends the time as does a continuance of the trial date for good cause).

three grounds for relief: (1) the nine-year delay in holding
Petitioner's trial violates Petitioner's right to procedural due process
under the U.S. Constitution; (2) the state court lacks jurisdiction
over the subject matter of the petition because the state statute
requires a trial be held no later than 120 days after the probable
cause hearing;[2] and (3) Petitioner received ineffective assistance of
counsel because counsel allowed the case to be delayed nine years.
§ 2241 Mot. (d/e 1).  Petitioner demands immediate release.  Id.

In May 2016, Respondent filed a Motion to Dismiss § 2241
Petition.  Respondent asserts that this Court should abstain from
considering Petitioner's claims and dismiss Petitioner's § 2241
Motion without prejudice.  Specifically, Respondent argues that
because Petitioner has not presented his constitutional speedy trial
claim to the state trial court and no extraordinary circumstances
are present, the Court should abstain from considering the claim.

## II. ANALYSIS

Absent exceptional circumstances, a federal court must
abstain from interfering with ongoing state court proceedings that

---

[2] But see Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (federal habeas relief is
not available for violations of state law) (citing cases); 28 U.S.C. § 2241(c)(3)
(providing for habeas corpus relief of prisoner "in custody in violation of the
Constitution or laws or treaties of the United States").

are judicial in nature, involve important state interests, and provide an adequate opportunity to raise the federal claims.  See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (involving an attempt to enjoin pending state proceedings to enforce a state's criminal laws); Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007) (setting forth the relevant test for determining when the Younger abstention doctrine applies).  The Younger abstention doctrine applies to civil commitment proceedings.  Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010).  Exceptional circumstances include when the pending state court proceeding is motivated by a desire to harass or is conducted in bad faith, or where the plaintiff will be irreparably harmed without immediate relief.  FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 596-97 (7th Cir. 2007).

"Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies."  Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009).  The exception for speedy trial and double jeopardy claims is necessary because, without immediate federal

intervention, the challenge would become moot.  <u>Sweeney</u>, 612 F.3d
at 573.

The courts appear to distinguish, however, between speedy
trial claims where the petitioner seeks to enforce his right to speedy
trial by asking the federal court to order that a trial take place—in
which case the court should not abstain if the petitioner has
exhausted his state court remedies—and speedy trial claims where
the petitioner seeks to enjoin the pending state court proceedings
based on a speedy trial claim—in which case the court should
abstain.  <u>See</u> <u>Powell v. Saddler</u>, No. 12 C 2928, 2012 WL 3880198,
at * 6 (N.D. Ill. 2012) (citing <u>Braden v. 30th Judicial Circuit Court of
Kentucky</u>, 410 U.S. 484, 490-91 (1973) (finding petitioner could
raise his speedy trial claim by way of federal habeas corpus because
he sought a trial on the three-year old indictment and made
repeated demands for trial in the state courts and his habeas
petition did not seek to "abort a state proceeding" or "disrupt the
orderly functioning of state judicial processes"); <u>Neville v. Cavanagh</u>,
611 F.2d 673, 676 (7th Cir. 1979) (distinguishing <u>Braden</u> and
finding the district court properly abstained even though the
petitioner presented to the state courts his Interstate Agreement on

Detainers Act claim regarding the failure to try him before returning him to federal custody where the petitioner sought dismissal of the indictments)).  In this case, Petitioner has not demanded a trial in the state court or asked this Court to order that a trial take place. Instead, Petitioner asks this Court to enjoin the ongoing state court proceeding.  Therefore, because Petitioner seeks to abort the state court proceeding, this Court will abstain.

Moreover, Petitioner has not exhausted his state court remedies.  The state court docket sheet reflects that Petitioner raised in the state court a statutory speedy trial claim, which appears to remain pending, but Petitioner has not provided any evidence to show that his constitutional claim has been presented to the state courts.  See Olsson, 328 F. App'x at 335 (dismissal on Younger abstention ground proper where the petitioner had not exhausted his state court remedies); Tran v. Bartow, 210 F. App'x 538, 540 (7th Cir. 2006) (district court properly dismissed § 2241 petition for failure to exhaust where the petitioner could have, but did not, present his claims to the Wisconsin courts by obtaining a ruling on his motion to dismiss and then seeking a discretionary appeal).

Finally, Petitioner has not shown extraordinary circumstances—such as harassment or bias—to justify this Court enjoining the state court proceedings. Although the delay has been lengthy, the docket sheet suggests that Petitioner is responsible for that delay in light of the numerous continuances sought and agreed to, the time taken to obtain experts and conduct discovery, the filing of numerous motions, obtaining new counsel, and refusing to be transported to court. See Thomas v. Barrow, No. 10-cv-0613, 2011 WL 3516035, at *3 (E.D. Wis. Aug. 11, 2011) (dismissing petition for failure to exhaust state court remedies where the Wisconsin courts had not had the opportunity to rule on whether petitioner's pretrial detention was in violation of the Constitution or laws of the United States and finding the "extreme amount of time that had passed without a trial" did not warrant exercising federal pretrial habeas jurisdiction, particularly where the docket showed petitioner was responsible for a majority of the delay).

### III. CONCLUSION

For the reasons stated, Respondent's Motion to Dismiss § 2241 Petition (d/e 7) is GRANTED. Petitioner's § 2241 Motion (d/e 1) is DISMISSED without prejudice. THIS CASE IS CLOSED.

ENTER: July 5, 2016

FOR THE COURT:

    s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE